**SALUPPO, Admr., Appellee v. SANTANGELO, Extr., Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6158. Decided November 2, 1942.

Messrs. Falk & Paul, Cincinnati, for appellee.
Messrs. Ginocchio & Ginocchio, Cincinnati, for appellant.

### OPINION

By MATTHEWS, P. J.

The question presented by this appeal is whether the executor of a deceased spouse can set-off an indebtedness of the surviving spouse against the latter's claim for an award of money in lieu of tangible personal property under the provisions of §10509-54, GC.

From the finding of the trial court it appears that Giovannina Sapede Saluppo died on May 1st, 1937, leaving Titta Saluppo, her husband, surviving her. The defendant was appointed executor of her estate and in due course of the administration there was set off to the surviving husband $500.00 under the provisions of §10509-54 GC not to be "deemed assets or administered as such" and to be "a

charge on all property, real and personal, belonging to the estate, prior to the claims of all unsecured creditors of the deceased or of the estate."

At the time of the decedent's death, her husband, Titta Saluppo, owed her $500.00, and in her will, there was a provision that he should have two years after her death in which to pay it.

Titta Saluppo died on June 8th, 1939, and the plaintiff is the administrator of his estate.

The defendant as executor, not having paid the $500.00 set-off to the surviving spouse under §10509-54 GC, the administrator of his estate filed this action in the Common Pleas Court on March 27th, 1942—more than two years after the death of the wife—to recover the amount. The executor of the deceased wife's estate has answered, admitting that the appraisers had filed an inventory of the estate and that Titta Saluppo became entitled to $500.00 under §10509-54 GC, and alleging the indebtedness of the plaintiff as a set-off. The Common Pleas Court disallowed the set-off.

At the threshold, the appellant challenges the jurisdiction of the Common Pleas Court over the subject-matter of this action. The issue was presented to the Common Pleas Court and must be resolved here before considering the merits of the controversy between these parties.

The contention of the appellant is that the subject-matter of this action is in the exclusive jurisdiction of the Probate Court. That contention requires a consideration of the provisions of the Probate Code of 1931.

By §10501-53 GC, the jurisdiction of the Probate Court is outlined as follows:

"Except as hereinafter provided. the Probate Court shall have jurisdiction: * * *

"3. To direct and control the conduct and settle the accounts of executors and administrators, and order the distribution of estates; * * *

"13. To direct and control the conduct of fiduciaries and settle their accounts.

"Such jurisdiction shall be exclusive in the probate court unless otherwise provided by law.

"The probate court shall have plenary power at law and in equity fully to dispose of any matters properly before the court unless the power is expressly otherwise limited or denied by statute."

The Supreme Court in Unger et v. Wolfe et, 134 Oh. St., 69, had occasion to construe this section as affected by §11215 GC, conferring jurisdiction upon the Court of Common Pleas "in all civil cases" with certain limitations unimportant here. In answer to the contention that §11215 GC, came within the description of the exception in

§10501-53 GC, and, that, therefore, the Court of Common Pleas had jurisdiction of an action by an attorney for services in an unsuccessful attempt to remove a guardian of an incompetent, the court at page 74, et seq., said:

"The difficulty with this contention of the plaintiffs is that §11215 is an old and general statute while §10501-53 is recent and special. Therefore under the canons of statutory construction the latter must take precedence over the former. It is difficult to escape the effect of specific provisions that 'such jurisdiction shall be exclusive in the Probate Court unless otherwise provided by law' and that 'the Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute.' The application for the removal of the guardian was properly before the Probate Court. The request was denied. Since the court concededly was charged with the responsibility of continued control over the guardian, the ward and his estate, and since any fees allowed the ward's attorneys must come from the estate, this matter therefore would seem to be peculiarly within the province of that tribunal. Furthermore that is the court in which a substantial part of the attorneys' services were performed.

"It is the view of this court that the recent, special statute relating to the jurisdiction of the Probate Court must be accepted as decisive of the question here presented."

In **Morehead v. Central Trust Co., 63 Oh. Ap., 9,** we had occasion to apply §10501-53, GC, to an action in the Common Pleas Court, seeking to restrain a testamentary trustee appointed by the Probate Court from doing certain acts on the ground that it would constitute maladministration, and we held that the jurisdiction of the Probate Court was exclusive.

We know of no other provision conferring jurisdiction upon the Common Pleas Court that might fairly be said to have some relevancy to this subject except §10509-206, GC, by which it is provided that:

"The court of common pleas has concurrent original jurisdiction with the probate court in all cases provided for in the next seven preceding sections and any creditor, legatee, widow or other distributee, as aforesaid, may bring an action in the common pleas court of the proper county, against such executor or administrator for his or her share of the estate upon such settlement and order of distribution, and it shall go on to final judgment and execution like other civil actions. All persons interested therein may be made parties thereto, if deemed necessary to the court, which shall determine their respective rights, render judgment thereon, and award execution, as in other cases."

The instances to which reference is made in that section are those enumerated in §10509-199, GC, as follows:

"After thirty days from the time of the settlement of the account of an executor, administrator or guardian is made, and an order of distribution made thereon by the probate court, if such executor, administrator or guardian neglects or refuses to pay to a person interested in such order, distribution as creditor, legatee, widow, heir or other distributee, or otherwise when demanded, his or her share of the estate or property ordered to be distibuted, the person so interested may file a petition in the probate court against the executor, administrator or guardian, making such settlement of his or her account, briefly setting forth therein the amount and nature of the claim of the party filing it."

Now, do the facts in this case bring it within the provisions of §10509-199, GC?

It will be observed that no matter who the complainant may be, the right to invoke the aid of the court only arises after the expiration of thirty days from the settlement of the account and an order of distribution made.

Now, what is the situation as shown by this record? It shows that the appraisers have set off $500.00 to the plaintiff's intestate in the inventory as exempt from administration, which, by virtue of §10501-53 GC, became a charge upon all the property of the estate in the hands of the executor. It also shows that the plaintiff's intestate was indebted to the defendant's testatrix in the sum of $500.00, and that she had provided that he should have two years from her death in which to pay the amount. While the record does not expressly show the fact, we must assume, as the law required all debts due to be listed, that this indebtedness was so listed in the schedule attached to the inventory. The record shows that the inventory was approved. It does not show whether any exceptions were filed to it, and does not show that any order was made directing the payment of this amount that was exempt from administration, or that any account of the executor had been settled or any order, general or otherwise, made directing him to make distribution. In that state of the record we are of the opinion that the case is not brought within the terms of §§10509-199 and 10509-206, GC.

So far as the record shows, both these estates are in process of administration in the Probate Court. The plaintiff has not paid the note which he admits his decedent owes. The defendant has not paid the $500.00, which constitutes a charge upon all the assets of the estate including the debt which the plaintiff owes. These pending items must be adjusted before the estate can be completely administered and the occasion arise for the settlement of the account and the making of an order of distribution. Until that time

the estate is in process of administration under the control and orders of the Probate Court.

In determining the duty of the executor as to the charge placed upon the assets in his hands in favor of the surviving spouse, is the Probate Court or the executor justified in disregarding the fact that such surviving spouse is indebted to the estate? Sec. 10501-53, GC, does not so provide, and we think that §10509-186, GC, provides just the contrary. That section is:

"When a beneficiary of an estate is indebted to such estate, the amount of the indebtedness if due, or the present worth of the indebtedness, if not due, may be set off by the executor or administrator against any testate or intestate share of the estate to which such beneficiary is entitled."

This was the law as to matured debts even in the absence of any statute. Lambright v. Lambright, 74 Oh. St., 198; 21 Am. Jur., 634, et seq. The section just quoted makes it clear that the rule in Ohio extends to debts not due as well as those that are due. Making this adjustment falls upon the personal representative as a part of his duty, to administer the estate, and in performing that duty he is under the control and orders of the Probate Court in the exercise of its exclusive juridiction.

We, therefore, hold that the Court of Common Pleas was without jurisdiction to hear and determine this action.

For this reason, the judgment is reversed and the cause remanded to the Court of Common Pleas, with instructions to dismiss the action for want of jurisdiction.

ROSS & HAMILTON, JJ., concur.